ORIGINAL

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

E-filing

ROSENBAUM CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated,

          Plaintiff,

vs.

LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE, JR. and CHRISTOPHER J. ZYDA,

          Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C 07 4096 SI

TO: (Name and address of defendant)

SEE ATTACHMENT A

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Shawn A. Williams
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG - 9 2007

Richard W. Wieking
CLERK

(BY) DEPUTY CLERK

ANNA SPRINKLES

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐     Served Personally upon the Defendant. Place where served:

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐     Returned unexecuted:

☐     Other *(specify)*:

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                 *Date*

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

ATTACHMENT A

**Luminent Mortgage Capital, Inc.**
Registere Agent:
Fred Dreher
One Market Street
Spear Tower, 30th Floor
San Francisco, CA 94105

**Gail P. Seneca**
191 Edgemont Way
Inverness, CA 94937

**Sewell Trezevant Moore, Jr.**
113 Woods Lane
Radnor, PA 19087

**Christopher J. Zyda**
363 Valencia Street, Unit 4
San Francisco, CA 94103

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

To: Shawn A. Williams
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Luminent Mortgage Capital, Inc.
(DEFENDANT NAME)
, acknowledge receipt of your request that I waive service of summons in the action of Rosenbaum Capital v. Luminent Mortgage Capital Inc.
(CAPTION OF ACTION)
, which is case number C 07-04096 SI
(DOCKET NUMBER)
in the United States District Court for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an
Luminent Mortgage Capital, Inc.
answer or motion under Rule 12 is not served upon you within 60 days after August 24, 2007,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

Sept 7, 2007
(DATE)

(SIGNATURE)

Printed/Typed Name: John J. Soroko

As Attorney of Luminent Mortgage Capital, Inc.
  (TITLE)           (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

To Shawn A. Williams
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Gail P. Seneca , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rosenbaum Capital v. Luminent Mortgage Capital Inc. ,
(CAPTION OF ACTION)

which is case number C 07-04096 SI in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an Gail P. Seneca
answer or motion under Rule 12 is not served upon you within 60 days
after August 24, 2007 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

Sept 7, 2007
(DATE)

(SIGNATURE)

Printed/Typed Name: John J. Soroko

As Attorney of Gail P. Seneca
(TITLE) (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

To: Shawn A. Williams
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Sewell Trezevant Moore, Jr.
(DEFENDANT NAME)
, acknowledge receipt of your request

that I waive service of summons in the action of Rosenbaum Capital v. Luminent Mortgage Capital Inc.,
(CAPTION OF ACTION)

which is case number C 07-04096 SI in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an Sewell Trezevant Moore, Jr.

answer or motion under Rule 12 is not served upon you within 60 days after

August 24, 2007,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

Sept 7, 2007
(DATE)

(SIGNATURE)

Printed/Typed Name: John J. Soroko

As Attorney of Sewell Trezevant Moore, Jr.
(TITLE) (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

## WAIVER OF SERVICE OF SUMMONS

To: Shawn A. Williams
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Christopher J. Zyda                                          , acknowledge receipt of your request
         (DEFENDANT NAME)

that I waive service of summons in the action of Rosenbaum Capital v. Luminent Mortgage Capital Inc.     ,
                                                        (CAPTION OF ACTION)

which is case number   C 07-04096 SI                          in the United States District Court
                          (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an
       Christopher J. Zyda

answer or motion under Rule 12 is not served upon you within 60 days
after                                                          August 24, 2007                ,
                                                               (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


Sept. 7, 2007
(DATE)                                                (SIGNATURE)

                       Printed/Typed Name: John J. Soroko

              As  Attorney                     of  Christopher J. Zyda
                    (TITLE)                             (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.