**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy (#134180)
Michael Goldberg (#188669)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: info@glancylaw.com

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

Attorneys for Movant District No. 9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------------------x

ROSENBAUM CAPITAL LLC, *Individually and on behalf of all others similarly situated*,

                                    Plaintiff,

            vs.

LUMINENT MORTGAGE CAPITAL, INC., GAIL P. SENECA, SEWELL TREZEVANT MOORE, JR., and CHRISTOPHER J. ZYDA,

                                    Defendants.

-------------------------------------------------------------x

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 3:07-cv-04096-PJH

MEMORANDUM IN SUPPORT OF DISTRICT NO. 9, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS PENSION TRUST'S MOTION TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF ITS CHOICE OF COUNSEL

Date: November 14, 2007
Time: 9:00 a.m.
Ctrm: 3

1

2

3

-----------------------------------------------------------x

4  HOWARD J. KAPLOWITZ IRA, *Individually*    )
5  *and on behalf of all others similarly situated*,    )
   )    CASE NO.: 3:07-cv-04140-PJH
   )
6                          Plaintiff,    )
   )
7                          vs.    )
   )
8  LUMINENT MORTGAGE CAPITAL, INC.,    )
9  GAIL P. SENECA, SEWELL TREZEVANT    )
   MOORE, JR., and CHRISTOPHER J. ZYDA,    )
10    )
                           Defendants.    )
11    )

12 -----------------------------------------------------------x

13 ELLIOT GREENBERG, *Individually and on*    )
   *behalf of all others similarly situated*,    )
   )    CASE NO.: 3:07-cv-04141-PJH
14    )
                           Plaintiff,    )
15    )
                           vs.    )
16    )
17 LUMINENT MORTGAGE CAPITAL, INC.,    )
   GAIL P. SENECA, SEWELL TREZEVANT    )
18 MOORE, JR., and CHRISTOPHER J. ZYDA,    )
   )
19    )
                           Defendants.    )
20    )

-----------------------------------------------------------x

21 PEM RESOURCES LP, *Individually and on*    )
22 *behalf of all others similarly situated*    )
   )    CASE NO.: 3:07-cv-04184-PJH
   )
23                          Plaintiff,    )
   )
24                          vs.    )
25    )
   LUMINENT MORTGAGE CAPITAL, INC.,    )
26 GAIL P. SENECA, SEWELL TREZEVANT    )
   MOORE, JR., and CHRISTOPHER J. ZYDA,    )
27    )
   )
28                          Defendants.    )

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

1

2  -----------------------------------------------------x

3  -----------------------------------------------------x

4  ALLEN M. METZGER, *Individually and on*
   *behalf of all others similarly situated*,

5                                                       CASE NO.: 3:07-cv-04686-PJH

6                          Plaintiff,

7              vs.

8  LUMINENT MORTGAGE CAPITAL, INC.,
   GAIL P. SENECA, SEWELL TREZEVANT

9  MOORE, JR., and CHRISTOPHER J. ZYDA,

10                        Defendants.

11

12  -----------------------------------------------------x

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 3

I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................... 3

     A.   The Court Should Resolve The Consolidation Issue As A
          Prerequisite To The Determination Of Lead Plaintiff............................ 4

II.  THE COURT SHOULD APPOINT DISTRICT NO. 9 AS LEAD
     PLAINTIFF ................................................................................................ 5

     A.   The Procedure Required By The PSLRA .............................................. 5

          1.   District No. 9 Is Willing To Serve As Class Representative ......... 6

          2.   District No. 9 Is An Institutional Investor With The Largest
               Financial Interest In The Relief Sought By The Class ................ 7

          3.   District No. 9 Satisfies The Requirements Of Rule 23(a) Of
               The Federal Rules Of Civil Procedure ........................................11

III. DISTRICT NO. 9'S CHOICE OF COUNSEL SHOULD BE
     APPROVED ...............................................................................................13

CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ..............................................................3

*Bowman v. Legato Sys.*,
  195 F.R.D. 655 (N.D. Cal. 2000) ....................................................................8

*Casden v. HPL Techs., Inc.*,
  2003 U.S. Dist. LEXIS 19606 (N.D. Cal. Sept. 29, 2003) ................................3

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004)....................................................................11

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ............................................................ 9,11

*Greebel v. FTP Software, Inc.*,
  939 F. Supp. 57 (D. Mass. 1996)....................................................................9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)........................................................................11

*In re Baan Co. Sec. Litig.*,
  186 F.R.D. 214 (D.D.C. 1999)........................................................................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)..........................................................................11

*In re Cendant Corp. Sec. Litig.*,
  264 F.3d 201 (3d Cir. 2001), *aff'd*,
  404 F.3d 173 (2005)........................................................................................9

*In re Network Assocs. Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999) ............................................................8

*In re Razorfish, Inc. Sec. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)..............................................................9

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

ii

*Miller v. Ventro Corp.*,
    2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ................................................8

*Ravens v. Iftikar*,
    174 F.R.D. 651 (N.D. Cal. 1997) ...................................................................8

*Ruland v. Infosonics Corp.*,
    2006 WL 3746716 (S.D. Cal. Oct. 23, 2006) ................................................11

*Schulman v. Lumenis, Ltd.*,
    2003 WL 21415287 (S.D.N.Y. June 18, 2003) ..............................................9

**STATUTES**

15 U.S.C. § 78u-4(a)(1) .........................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) ...............................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ..........................................................................7

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...............................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .........................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ...................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).............................................................. 11,12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................... 13

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................... 12

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

iii

Fed. R. Civ. P. 42(a) .................................................................*passim*

H.R. Rep. No. 104-369 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 730....................................................................8

S. Rep. No. 104-98 (1995), *as reprinted in*
1995 U.S.C.C.A.N. 679.................................................................. 10

## MISCELLANEOUS

Elliot J. Weiss & John S. Beckerman,
*Let The Money Do The Monitoring:*
*How Institutional Investors Can Reduce Agency Costs*
*In Securities Class Actions,* 104 Yale L.J. 2053 (1995) ....................... 10

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

iv

## PRELIMINARY STATEMENT

Presently pending before the Court are five related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Luminent Mortgage Capital, Inc. ("Luminent" or the "Company") during the period of October 10, 2006 through and including August 6, 2007 (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Luminent, Gail P. Seneca, Sewell Trezevant Moore, Jr., and Christopher J. Zyda (collectively, the "Individual Defendants").

Class member District No. 9, International Association of Machinists and Aerospace Workers Pension Trust ("District No. 9") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing District No. 9 as lead plaintiff in the Actions; and (c) approving District No. 9's choice of lead and liaison counsel.

During the Class Period, District No. 9 suffered losses of $909,162. District No. 9 believes that its losses represent the largest financial interest in the outcome of the litigation.

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT OF FACTS

Plaintiffs charge Luminent and certain of its officers and directors with violations of the Exchange Act.  Luminent is a real estate investment trust ("REIT"). The Company invests primarily in the United States agency and other single-family, adjustable-rate, hybrid adjustable-rate and fixed-rate mortgage-backed securities, which it acquires in the secondary market.

The complaints allege that during the Class Period, Defendants issued materially false and misleading statements regarding the Company's business and financial results.  As a result of Defendants' false statements, Luminent stock traded at artificially inflated prices during the Class Period, which allowed the Defendants to complete an offering of common stock in October 2006 at $10.25 per share and a $90 million private placement of 8.125% Convertible Senior Notes due 2027 on May 30, 2007.

On August 6, 2007, after the market closed, the Company issued a press release announcing that the secondary market for mortgage loans and mortgage-backed securities had seized-up, and, as a result, Luminent was experiencing a significant increase in margin calls on its highest quality assets and a decrease on the financing advance rates provided by its lenders.  On August 7, 2007, Luminent's stock collapsed $3.30 per share to close at $1.08 per share, a one-day decline of 75% on volume of 32.2 million shares, 25 times the average three-month volume.

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

2

According to the complaints, the true facts, which were known by the Defendants but concealed from the investing public during the Class Period, were as follows:  (a) the Company lacked requisite internal controls, and, as a result, the Company's projections and reported results issued during the Class Period were based upon defective assumptions and/or manipulated facts; (b) the Company's investments in mortgage loans were not all "high quality" as claimed by Defendants, nor was its hedging disciplined and sophisticated as to credit risk; and (c) the Company was not on track to report the earnings forecast or to pay the dividends promised.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Casden v. HPL Techs., Inc.*, No. C-02-3510-VRW, 2003 U.S. Dist. LEXIS 19606, at *4-*5 (N.D. Cal. Sept. 29, 2003).  Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.").

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

3

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as Defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

**A.    The Court Should Resolve The Consolidation Issue
As A Prerequisite To The Determination Of Lead Plaintiff**

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As District No. 9 has an interest in moving these actions forward, it respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

///

///

---

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

4

II.    **THE COURT SHOULD APPOINT DISTRICT NO. 9 AS LEAD PLAINTIFF**

A.    **The Procedure Required By The PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

5

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, District No. 9 satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it.  Therefore, District No. 9 is entitled to the presumption that it is the most adequate lead plaintiff to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Actions.

## 1.    District No. 9 Is Willing To Serve As Class Representative

On August 8, 2007, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Luminent and the Individual Defendants, and which advised putative class members that they had until October 8, 2007 to file a motion to seek appointment as a lead plaintiff in the action.[1]  District No. 9 has reviewed one of the complaints filed in the pending actions and has timely

---

[1] On August 8, 2007, the Notice was published over *Prime Newswire*.  *See* Declaration of Michael Goldberg ("Goldberg Decl.") Ex. C.

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

6

filed its motion pursuant to the Notice.[2]  In doing so, District No. 9 has attached its

certification attesting to its willingness to serve as a representative party of the Class

and provide testimony at deposition and trial, if necessary.  *See* Goldberg Decl. Ex. A.

Accordingly, District No. 9 satisfies the first requirement to serve as lead plaintiff.

Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

**2.    District No. 9 Is An Institutional Investor With The
        Largest Financial Interest In The Relief Sought By The Class**

Under the PSLRA, any member of the purported class may move for

appointment as lead plaintiff within 60 days of the publication of notice that the action

has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall

appoint as lead plaintiff the member or members of the purported plaintiff class that

the court determines to be most capable of adequately representing the interests of the

class members . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The legislative history of the PSLRA demonstrates that it was intended to

encourage institutional investors, such as District No. 9, to serve as lead plaintiff.  The

explanatory report accompanying the PSLRA's enactment specifically states that:

---

2 Computed from plaintiff's August 8,  2007, notice of pendency, the 60-day period
for filing motions for appointment of lead plaintiff ended Monday, October 8, 2007.
Not including the October 8 federal observance of Columbus Day, Movant is filing
the instant motion pursuant to F.R.Civ.P. 6(a), which provides in relevant part that "in
computing any period of time prescribed or allowed by these rules...[t]he last day of
the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal
holiday*...in which event the period runs until the end of the next day which is not one
of the aforementioned days. ..." (Emphasis added.)

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

7

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff."
>
> * * *
>
> The Conference Committee believes that . . . in many cases the beneficiaries of pension funds - small investors - ultimately have the greatest stake in the outcome of the lawsuit. Cumulatively, these small investors represent a single large investor interest. Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.

This Court, as well as others around the country, have noted a Congressional preference to appoint institutional investors. *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *6 (N.D. Cal. Nov. 28, 2001) ("It was hoped that including a presumption in favor of the largest stakeholder would give preference to institutional investors which would be in a better position to manage the litigation and to limit the influence of lawyers"); *Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000) (institutional investors are "exactly the type of lead plaintiff envisioned by Congress when it instituted the [PSLRA] lead plaintiff requirements . . . "); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999) ("Congress expected that the lead plaintiff would normally be an institutional investor"); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (stating that Congress wanted to encourage large, sophisticated institutional investors to direct securities class actions,

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

8

thereby supplanting the prior regime of "figurehead plaintiffs who exercise no meaningful supervision of litigation.").[3]

Indeed, Congress deemed institutional investors "presumptively most adequate to serve as lead plaintiffs in securities class actions." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996). Furthermore, Congress believed that "increasing the role of institutional investors in class actions [would] ultimately benefit shareholders and assist courts by improving the quality of representation in securities class action." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 221 (D.D.C. 1999). Congress reasoned that the empowerment of institutional investors would result in the appointment of lead plaintiffs that can best prosecute the claims and are best able to negotiate with and oversee counsel. *See In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (stating that Congress intended that "institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation . . ."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of

---

[3]   *See also Schulman v. Lumenis, Ltd.*, No. 02 CIV. 1989 (DAB), 2003 WL 21415287, at *2 (S.D.N.Y. June 18, 2003) (one purpose behind the PSLRA is "to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel.'") (citation omitted). "Congress believed that this could best be achieved by encouraging institutional investors to serve as lead plaintiffs." *Id. See also In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001), *aff'd*, 404 F.3d 173 (2005) ("Congress anticipated and intended that [institutional investors] would serve as lead plaintiffs.").

---

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

9

the Reform Act is replete with statements of Congress' desire to put control of such

litigation in the hands of large, institutional investors.").

This presumption is rooted in Congress' belief that "increasing the role of

institutional investors in class actions will ultimately benefit the class and assist the

courts." S. Rep. No. 104-98, at 11 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679,

690. In reaching this conclusion, Congress reasoned that:

> Institutions' large stakes give them an incentive to monitor, and
> institutions have or readily could develop the expertise necessary
> to assess whether plaintiffs' attorneys are acting as faithful
> champions for the plaintiff class.

Elliot J. Weiss & John S. Beckerman, *Let The Money Do The Monitoring:  How

Institutional Investors Can Reduce Agency Costs In Securities Class Actions*, 104

Yale L.J. 2053, 2095 (1995) ("Weiss & Beckerman").  *See also* S. Rep. No. 104-98, at

11 n.32 (noting that Weiss & Beckerman provided "the basis for the 'most adequate

plaintiff' provision.").

District No. 9 is ideally suited for the role as lead plaintiff.  District No. 9 lost

approximately $909,162 in Luminent common stock during the Class Period.  *See*

Goldberg Decl. Ex. B.  As a large institutional investor with significant resources

dedicated to overseeing and supervising the prosecution of the litigation, District No.

9 will be able to actively represent the Class and "drive the litigation" to ensure that

the Class obtains the best recovery possible and implement corporate governance

changes to correct the environment which allowed this fraud to take place and to

prevent a recurrence ever again.  *See Gluck*, 976 F. Supp. at 549 (citation omitted).

### 3.    District No. 9 Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of

the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule

23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

With respect to the qualifications of a class representative, Rule 23(a) requires

generally that representatives' claims be typical of those of the class, and that

representatives will fairly and adequately protect the interests of the class.  *See In re

Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606

(C.D. Cal. 2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at

*2 (S.D. Cal. Oct. 23, 2006).

Claims are "typical" under Rule 23 if they are "reasonably co-extensive with

those of absent class members; they need not be substantially identical."  *Ferrari*, 225

F.R.D. at 606 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Likewise, Rule 23(a) also requires that the person(s) representing the class be able to

"'fairly and adequately protect the interests' of all members in the class."  *Ferrari*,

225 F.R.D. at 607 (citation omitted).

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

11

The claims asserted by District No. 9 are typical of those of the Class.  District No. 9, like the members of the Class, acquired shares of Luminent during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  Thus, its claims are typical, if not identical, to those of the other members of the Class because District No. 9 suffered losses similar to those of other Class members and its losses result from Defendants' common course of conduct.  Accordingly, District No. 9 satisfies the typicality requirement of Rule 23(a)(3).

District No. 9 is an adequate representative for the Class.  There is no antagonism between its interests and those of the Class.  Moreover, District No. 9 has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, District No. 9 has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL    CASE NO.: 3:07-cv-04096-PJH

12

III.    **DISTRICT NO. 9'S CHOICE OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

District No. 9 has selected and retained Bernstein Liebhard & Lifshitz, LLP ("Bernstein Liebhard") as the proposed lead counsel and Glancy Binkow & Goldberg, LLP ("Glancy Binkow") as proposed liaison counsel for the Class.  Bernstein Liebhard and Glancy Binkow have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. *See* Goldberg Decl. Exs. D and E for the firm resumes of Bernstein Liebhard and Glancy Binkow.  As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel and Glancy Binkow as liaison counsel, the Class is receiving the best legal representation available.

**CONCLUSION**

For the foregoing reasons, District No. 9 respectfully requests that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint District No. 9 as lead plaintiff for the Class in the Actions and all subsequently-filed,

MEMORANDUM IN SUPPORT MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE CHOICE OF COUNSEL     CASE NO.: 3:07-cv-04096-PJH

13

related actions; and (3) approve Bernstein Liebhard as lead counsel and Glancy

Binkow as liaison counsel, respectively, for the Class.


DATED:  October 9, 2007            Respectfully submitted,

                                   /s/ **Michael Goldberg**

                                   _____

                                   Lionel Z. Glancy
                                   Michael Goldberg
                                   **GLANCY BINKOW & GOLDBERG LLP**
                                   1801 Avenue of the Stars, Suite 311
                                   Los Angeles, CA  90067
                                   Telephone: (310) 201-9150
                                   Facsimile:  (310) 201-9160

                                   **Liaison Counsel for District No. 9**

                                   **BERNSTEIN LIEBHARD**
                                   **& LIFSHITZ, LLP**
                                   Sandy A. Liebhard
                                   Joseph R. Seidman, Jr.
                                   10 E. 40th Street
                                   New York, NY  10016
                                   Telephone: (212) 779-1414
                                   Facsimile:  (212) 779-3218

                                   **Attorneys for District No. 9**